**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ROSEMARY EVANS, § | | |
| Plaintiff, § | | |
| § | | |
| § | | |
| v. § | Civil Action No. _____ | |
| § | | |
| § | | |
| WAL-MART STORES TEXAS, LLC § | | |
| AND WAL-MART, INC., § | | |
| § | | |
| Defendants. § | JURY REQUESTED | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, ROSEMARY EVANS, by and through her counsel, and for her complaint against DEFENDANTS, alleges as follows:

**I.
PARTIES**

1. Plaintiff ROSEMARY EVANS is and was a resident and citizen of the state of Texas and Denton County at all times relevant to this action.

2. DEFENDANT WAL-MART STORES TEXAS, LLC ("WAL-MART TEXAS") is a foreign limited liability company and is a citizen of the state of Arkansas.

3. WAL-MART TEXAS is organized under the laws of Delaware, and at all times material and relevant hereto was engaged in business in Texas.

4. WAL-MART TEXAS was the operator of the business located on the premises where the incident occurred. WAL-MART TEXAS may be served with process by serving its registered agent in the State of Texas, CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201.

5. DEFENDANT WAL-MART, INC. ("WAL-MART") is a foreign corporation and is a citizen of the state of Arkansas.

6. WAL-MART is organized under the laws of Delaware, and at all times material and relevant hereto was engaged in business in Texas.

7. WAL-MART, in conjunction with WAL-MART TEXAS is believed was the operator of the business located on the premises where the incident occurred. WAL-MART may be served with process by serving its registered agent in the State of Texas, CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201.

## II.
## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action as this is a civil action pursuant to 28 U.S.C. §1332, in that it is a civil action between Plaintiff who is a Texas citizen, and Defendants who are all citizens of, incorporated in, and/or have their principal place of business in, a state other than Texas, specifically Arkansas, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

9. Venue is proper within the United States District Court for the Eastern District of Texas, Sherman Division pursuant to 28 U.S.C. §1391 because a substantial part of the events and/or omissions giving rise to the claim occurred within United Sates District Court for the Eastern District of Texas, specifically Denton County.

## III.
## FACTUAL BACKGROUND

10. On May 4, 2021, Plaintiff was an invitee on property controlled and maintained by Defendant WAL-MART and/or WAL-MART TEXAS.

11. Said property is more specifically known as Wal-Mart Super Center, Store # 4240 ("premises") located at 3060 Justin Road, Highland Village, Texas 75077.

12. On the day in question, Plaintiff parked her vehicle in the parking lot located on the premises and was walking towards the entrance of the Wal-Mart Super Center.

13. At the same time, an employee ("the Employee") of Defendants WAL-MART and/or WAL-MART TEXAS was pushing approximately 20 shopping carts behind the Plaintiff.

14. The Employee was pushing the shopping carts while distracted and was not paying attention to pedestrians in the parking lot of the premises.

15. As such, the Employee pushes the shopping carts into the back of the Plaintiff's ankle.

16. As a direct and proximate result of the incident, Plaintiff suffered physical injuries to her ankle.

## IV.
## CAUSES OF ACTION

### COUNT I
### NEGLIGENCE
### (Against All DEFENDANTS)

17. Plaintiff incorporates by reference each and every prior paragraph of this Complaint as though set forth in full in this cause of action

18. Plaintiff states that Defendants WAL-MART and WAL-MART TEXAS were guilty of various acts of negligence and that each of the acts of negligence was a proximate cause of the injury and damages sustained by Plaintiff.

19. Defendants WAL-MART and WAL-MART TEXAS had a duty to exercise ordinary care to provide a safe environment to those who enter the premises.

20. Defendants WAL-MART and WAL-MART TEXAS breached that duty in committing the various acts of negligence, which include, but are not limited to:

  a) Failure to maintain policies and procedures for employees handling of shopping carts in the parking lot;

3

    b) Failure to ensure that their employees recognize, reduce and/or eliminate their dangerous handling of shopping carts;

    c) Failure to recruit, select, and hire competent employees capable of recognizing, locating, preventing, reducing, eliminating, and warning about their unsafe handling of shopping carts;

    d) Failure to adequately supervise their employees to ensure they are recognizing, locating, preventing, reducing, eliminating, and warning about unsafe handling of shopping carts;

    e) Failure to terminate employees incapable of recognizing, locating preventing, reducing, eliminating, and warning about unsafe handling of shopping carts; and

    f) Failure to exercise reasonable care to avoid a foreseeable risk of injury to others.

## PLAINTIFF ROSEMARY EVAN'S DAMAGES
### (As to All DEFENDANTS)

21. Plaintiff incorporates by reference each and every prior paragraph of this Complaint as though set forth in full herein.

22. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered significant bodily injuries. The injuries are permanent in nature. The injuries have had a serious effect on Plaintiff's health and well-being.

23. Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not for her entire life. As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and mental anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

24. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff ROSEMARY EVANS suffered the following damages:

    a. Reasonable medical care and expenses in the past and which will, in all reasonable probability, be incurred into the future;

    b. Physical pain and suffering in the past and which will, in all reasonable probability, be suffered into the future;

    c. Physical impairment in the past and which will, in all reasonable probability, be suffered into the future;

    d. Loss of earnings and earning capacity in the past and in reasonable probability into the future;

    e. Mental anguish in the past and which will, in all reasonable probability, be suffered into the future;

    f. Disfigurement in the past and which will, in all reasonable probability, be suffered into the future;

    g. Loss of consortium in the past and which will, in all reasonable probability be suffered into the future.

## V.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

25. Plaintiff hereby incorporates each of the foregoing paragraphs as if set forth in full in this section. Plaintiff seeks prejudgment and post judgment interest at the maximum legal rate.

## VI.
## JURY DEMAND

26. Plaintiff demands a trial by jury on all issues of fact and damages in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    a. As to all Counts and all DEFENDANTS, economic and non-economic damages to the Plaintiff according to proof including as applicable:

    a. Medical care expenses of Plaintiff according to proof in the past and in reasonable probability will be incurred into the future;

    b. Past and future loss of earnings and earning capacity of Plaintiff according to proof in the past and in reasonable probability will be sustained into the future;

c.  Loss of household services in the past and in all probability to be incurred into the future;

d.  Non-economic damages for Plaintiff according to proof including as applicable:

e.  Compensation for physical pain in the past and in reasonable probability will be sustained into the future;

f.  Compensation for mental anguish in the past and in reasonable probability will be sustained into the future;

g.  Compensation for disfigurement in the past and in reasonable probability will be sustained into the future;

h.  Compensation for physical impairment in the past and in reasonable probability will be sustained into the future;

i.  Loss of consortium in the past and in all likelihood to be incurred into the future;

j.  As to all Counts and all DEFENDANTS, awarding pre-judgment and post-judgment interest to the Plaintiffs according to proof;

k.  As to all Counts and all DEFENDANTS, awarding reasonable costs to the Plaintiffs as provided by law; and

l.  As to all Counts and all DEFENDANTS, granting all such other relief as the Court deems necessary, just and proper.

Respectfully submitted,
**D.  Miller & Associates, PLLC**

*/s/ Andy Rubenstein*
Andy Rubenstein
Attorney-In-Charge
Texas Bar No. 17360375
2610 W. Sam Houston Parkway S., Suite 200
Houston, Texas 77042
andy@dmillerlaw.com
Telephone: 713-850-8600
Facsimile: 713-467-0306
**ATTORNEYS FOR PLAINTIFF**

OF COUNSEL:
D. Miller & Associates
2610 W. Sam Houston Parkway S., Suite 200
Houston, Texas 77042
Telephone: 713-850-8600
Facsimile: 713-366-3463